**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10024 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-08089-GMS-1 |
| v. | |
| NATHAN LAVENDER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted March 15, 2013
San Francisco, California

Before: NOONAN, FISHER, and NGUYEN, Circuit Judges.

Nathan Lavender appeals his conviction and sentence for assault with a

dangerous weapon, in violation of 18 U.S.C. §§ 1153 and 113(a)(3), and assault by

striking, beating, or wounding, in violation of 18 U.S.C. §§ 1153 and 113(a)(4).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. Lavender contends that the district court erred in denying his motion to dismiss the indictment. In denying the motion, the district court made factual findings, which we review for clear error. *See United States v. Marguet-Pillado*, 560 F.3d 1078, 1081 (9th Cir. 2009).

Lavender claims that the government breached its oral promise not to prosecute him in exchange for his testimony as a witness in an unrelated prosecution of Nathan Manuelito. At the evidentiary hearing on the motion to dismiss, Lavender and his wife testified that agent Auggie Belvado ("Belvado") promised to "push off" Lavender's case and "help [Lavender] out" if he testified in the *Manuelito* trial. They further testified that the Assistant United States Attorney ("AUSA") agreed to Lavender's request to have his case "stay tribal" and "not go federal."

However, both agent Belvado and the AUSA denied promising Lavender leniency in exchange for his testimony. At the time of the *Manuelito* trial, Lavender's case had not been submitted to the AUSA for prosecution. Agent Belvado interviewed Lavender regarding his case after the *Manuelito* trial ended, and the transcript of the recorded interview confirms that agent Belvado told Lavender that his recorded statements would be submitted to the prosecutor. The transcript contains no evidence of any promise regarding non-prosecution.

2

After evaluating the conflicting evidence at the hearing, the district court found that there was no oral cooperation agreement in which the government promised not to prosecute Lavender in exchange for his testimony in the *Manuelito* trial. The district court's finding was not clearly erroneous. *See Lewis v. Ayers*, 681 F.3d 992, 999 (9th Cir. 2012) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)); *United States v. Elliott*, 322 F.3d 710, 715 (9th Cir. 2003) ("[W]e pay special deference to a trial court's credibility findings."). Therefore, the district court's denial of the motion to dismiss was proper.[1]

2. Lavender contends that the evidence was insufficient to convict him of assault with a dangerous weapon. Specifically, he claims that at the time of the assault, he was so intoxicated that he could not have formed the specific intent to do bodily harm. "[V]iewing the evidence in the light most favorable to the

---

[1] Lavender also briefly suggests in his Opening Brief that the government committed misconduct by failing to advise him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), during the trial preparation of the *Manuelito* case. Lavender's failure to address how the government violated his *Miranda* rights constitutes waiver of this issue. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned."). Even if considered on the merits, no *Miranda* warnings were required because he was not subjected to custodial interrogation during the interviews. *See Stansbury v. California*, 511 U.S. 318, 322 (1994) (per curiam) (stating that the protections outlined in *Miranda* apply only when a suspect is subjected to custodial interrogation).

prosecution," *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), a rational jury could reasonably conclude that the evidence was sufficient to convict Lavender despite his alcohol consumption, based on his ability to: (1) follow victim Larrell Tessay's car to the location where they had their first altercation; (2) drive to the second location; (3) grab a knife and stab Tessay; and (4) flee the scene after the stabbing. The jury received the intoxication defense instruction, Ninth Circuit Model Criminal Jury Instruction No. 6.9, which allowed it to find that Lavender's intoxication negated the requisite specific intent. However, the jury clearly rejected that defense based on the evidence. We must give deference to that verdict. *See United States v. Croft*, 124 F.3d 1109, 1125 (9th Cir. 1997) (stating that in reviewing sufficiency of evidence, "we are powerless to question a jury's assessment of witnesses' credibility"); *United States v. Kaipat Pelisamen*, 641 F.3d 399, 409 n.6 (9th Cir. 2011) ("[W]e must give great deference to the jury verdict

4

and must affirm if any rational trier of fact could have found the evidence sufficient." (internal quotation marks omitted)).[2]

3. Finally, Lavender challenges the district court's imposition of a five-level sentencing enhancement, pursuant to U.S. Sentencing Guidelines Manual § 2A2.2(b)(3)(B) (2011), based on the serious bodily injury sustained by Tessay. As a preliminary matter, the parties dispute whether the government was required to prove the facts supporting the enhancement by a preponderance of the evidence or by a clear and convincing evidence standard. *See United States v. Armstead,* 552 F.3d 769, 776 (9th Cir. 2008) (noting that while a district court normally uses a preponderance of the evidence when finding facts at sentencing, where a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction, the district court must find the facts by a clear and convincing standard of proof). We need not resolve this dispute because we conclude that, under either standard, the evidence clearly supports the imposition of the five-level sentencing enhancement.

---

[2] On appeal, Lavender also argues that he acted in self-defense, so the district court should have entered a directed verdict in his favor. During trial, Lavender did not argue, nor did he request that the jury be instructed on, self-defense. Accordingly, we deem this issue waived. *See Hockenberry v. United States*, 422 F.2d 171, 173 (9th Cir. 1970) (treating just cause or excuse as a defense under 18 U.S.C. § 113), and *United States v. Fuchs*, 218 F.3d 957, 969 (9th Cir. 2000) (holding that affirmative defenses can be waived in criminal cases).

Tessay was stabbed three times—once to his chest and twice to his abdomen—causing him extreme physical pain. A doctor testified that the stab wounds nearly injured his internal mammary artery. Tessay was flown by helicopter to a hospital for surgery and, absent medical treatment, he could have died. The district court did not clearly err in finding that Tessay sustained serious bodily injury. *See* U.S. Sentencing Guidelines Manual § 1B1.1 cmt. n.1(L) (2011) ("'Serious bodily injury' means injury involving extreme physical pain . . . or requiring medical intervention such as surgery, hospitalization . . . .").

**AFFIRMED.**